IN THE SUPREME COURT OF NORTH CAROLINA

 2021-NCSC-71

 No. 322A20

 Filed 18 June 2021

 IN THE MATTER OF: B.S.

 Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) from an order entered on 16

 March 2020 by Judge Monica Bousman in District Court, Wake County. This matter

 was calendared for argument in the Supreme Court on 22 April 2021 but determined

 on the record and briefs without oral argument pursuant to Rule 30(f) of the North

 Carolina Rules of Appellate Procedure.

 Mary Boyce Wells for petitioner-appellee Wake County Human Services.

 Michelle FormyDuval Lynch for appellee Guardian ad Litem.

 Garron T. Michael for respondent-appellant father.

 BARRINGER, Justice.

¶1 Respondent appeals from the order terminating his parental rights to his

 minor child B.S. (Bailey).1 The trial court found that grounds existed to terminate

 respondent’s parental rights pursuant to N.C.G.S. § 7B-1111(a)(1), (2), and (5) and

 that termination was in Bailey’s best interests. Respondent has not challenged on

 appeal the trial court’s conclusion that the ground for termination pursuant to

 1 The pseudonym “Bailey” is used throughout this opinion to protect the identity of

 the juvenile and for ease of reading.
 IN RE B.S.

 2021-NCSC-71

 Opinion of the Court

 N.C.G.S. § 7B-1111(a)(5) existed or that termination was in Bailey’s best interests.

 Respondent instead contends that this Court should reverse the trial court’s order as

 to this ground for termination of respondent’s parental rights because he received

 ineffective assistance of counsel. As we conclude that respondent has not carried his

 burden to show ineffective assistance of counsel, we affirm the trial court’s order

 terminating the parental rights of respondent to Bailey.

 I. Background

¶2 Wake County Human Services (WCHS) became involved with Bailey at the

 time of her birth when Bailey and her mother tested positive for cocaine. Bailey’s

 mother was also homeless and suffering from mental health issues which required

 hospitalization.

¶3 On 18 July 2018, WCHS filed a petition alleging that Bailey and her two half-

 siblings were neglected juveniles.2 Respondent and Bailey’s mother subsequently

 consented to the entry of an order adjudicating Bailey a neglected juvenile, which was

 entered on 16 October 2018. In this consent order on adjudication and disposition,

 the trial court ordered respondent to submit to genetic marker testing and to

 establish legal paternity if found to be the biological father of Bailey. At the time,

 respondent was incarcerated and denied knowing Bailey’s mother and being Bailey’s

 biological father. Nevertheless, on 15 January 2019, respondent was determined to

 2 This appeal does not involve Bailey’s half-siblings or her mother.
 IN RE B.S.

 2021-NCSC-71

 Opinion of the Court

 be the biological father of Bailey after respondent submitted to genetic marker

 testing. Respondent continued to deny that he was the biological father of Bailey until

 a social worker sent him a copy of the genetic marker report in late January 2019.

¶4 After respondent was released from incarceration, WCHS filed a motion for

 termination of the parental rights of Bailey’s mother, respondent, and the known or

 unknown fathers of Bailey’s two half-siblings. WCHS alleged that grounds existed to

 terminate respondent’s parental rights pursuant to N.C.G.S. § 7B-1111(a)(1), (2), and

 (5). The termination-of-parental-rights hearing was conducted over four days in

 November 2019 and January and February 2020. On 16 March 2020, the trial court

 entered an order terminating respondent’s parental rights. The trial court concluded

 that WCHS had proven all three alleged grounds for termination, see N.C.G.S. § 7B-

 1111(a)(1), (2), (5), and that termination of respondent’s parental rights was in

 Bailey’s best interests. The trial court’s findings of fact included that:

 [Respondent] was served with a copy of the petition filed
 July 18, 2018 which contained the name of the child and
 her date of birth. He had access to paper, envelopes, and
 stamps while he was incarcerated. He corresponded via
 U.S. Mail with both the social worker and his attorney in
 this case. He had the means to file an affidavit of paternity
 with [WCHS]. The same attorney has been appointed to
 represent him in this case and also in cases involving two
 other children. In a termination of parental rights order
 filed for two of [respondent]’s other children on August 7,
 2019, finding of fact #31 indicates that [respondent] filed
 an affidavit of parentage for another of his children. In
 orders filed on October 16, 2018, February 1, 2019, and
 July 24, 2019 the [c]ourt ordered . . . [respondent] to
 IN RE B.S.

 2021-NCSC-71

 Opinion of the Court

 establish “legal paternity” if genetic marker testing showed
 him to be the biological father of the child. While N.C.G.S.
 §[ ]7B-1111(a)(5) does not require that an unwed father
 have actual notice that a ground exist[s] for termination of
 parental rights unless paternity and/or legitimation is
 established prior to the filing of a termination of . . .
 parental rights action, [respondent] was on “notice” that he
 was to establish legal paternity beginning with the
 disposition order filed October 16, 2018. He had “notice”
 that he could have sired a child when he had a sexual
 encounter with [Bailey’s mother]. He further knew by late
 January 2019 that genetic marker testing showed him to
 be the biological father of [Bailey] which was more than six
 months before the motion to terminate his parental rights
 was filed.

¶5 Respondent appealed.

¶6 On appeal, respondent challenges several findings of fact as not supported by

 competent evidence and the trial court’s conclusion that grounds existed for

 termination pursuant to N.C.G.S. § 7B-1111(a)(1) and (2). However, respondent has

 neither challenged the trial court’s conclusion that the ground for termination

 pursuant to N.C.G.S. § 7B-1111(a)(5) had been established nor challenged any

 findings of fact supporting this conclusion. Thus, it is undisputed that respondent

 failed to establish legal paternity as required by the trial court’s order and failed to

 do any of the acts specified in N.C.G.S. § 7B-1111(a)(5)(a)–(e).

¶7 Subsection 7B-1111(a)(5) provides that a trial court may terminate parental

 rights upon a finding that:
 IN RE B.S.

 2021-NCSC-71

 Opinion of the Court

 The father of a juvenile born out of wedlock has not, prior
 to the filing of a petition or motion to terminate parental
 rights, done any of the following:

 a. Filed an affidavit of paternity in a central registry
 maintained by the Department of Health and Human
 Services. The petitioner or movant shall inquire of the
 Department of Health and Human Services as to
 whether such an affidavit has been so filed and the
 Department’s certified reply shall be submitted to and
 considered by the court.

 b. Legitimated the juvenile pursuant to provisions of G.S.
 49-10, G.S. 49-12.1, or filed a petition for this specific
 purpose.

 c. Legitimated the juvenile by marriage to the mother of
 the juvenile.

 d. Provided substantial financial support or consistent
 care with respect to the juvenile and mother.

 e. Established paternity through G.S. 49-14, 110-132,
 130A-101, 130A-118, or other judicial proceeding.

 N.C.G.S. § 7B-1111(a)(5) (2019).

¶8 Respondent, however, argues for the first time on appeal that his appointed

 trial counsel was ineffective. Respondent contends that because he received

 ineffective assistance of counsel, this Court should reverse the portion of the trial

 court’s order concluding that the ground set forth in N.C.G.S. § 7B-1111(a)(5) existed

 to terminate his parental rights.
 IN RE B.S.

 2021-NCSC-71

 Opinion of the Court

 II. Ineffective Assistance of Counsel Claim

¶9 As “a finding of only one ground is necessary to support a termination of

 parental rights,” In re A.R.A., 373 N.C. 190, 194 (2019), and respondent has not

 challenged the conclusion or findings of fact supporting the trial court’s conclusion

 that the ground set forth in N.C.G.S. § 7B-1111(a)(5) existed to terminate his parental

 rights, we must affirm the trial court’s order terminating respondent’s parental rights

 if respondent has not shown that he received ineffective assistance of counsel. The

 Juvenile Code provides that “[i]n cases where the juvenile petition alleges that a

 juvenile is abused, neglected, or dependent,” N.C.G.S. § 7B-602(a) (2019), and “[w]hen

 a petition [for termination of parental rights] is filed,” the parent “has the right to

 counsel, and to appointed counsel in cases of indigency, unless the parent waives the

 right,” N.C.G.S. § 7B-1101.1(a) (2019). When addressing a contention by a respondent

 that he or she received ineffective assistance of counsel, this Court has explained that:

 Parents have a right to counsel in all proceedings dedicated
 to the termination of parental rights. Counsel necessarily
 must provide effective assistance, as the alternative would
 render any statutory right to counsel potentially
 meaningless. To prevail on a claim of ineffective assistance
 of counsel, respondent must show that counsel’s
 performance was deficient and the deficiency was so
 serious as to deprive him of a fair hearing. To make the
 latter showing, the respondent must prove that there is a
 reasonable probability that, but for counsel’s errors, there
 would have been a different result in the proceedings.

 In re G.G.M., 2021-NCSC-25, ¶ 35 (cleaned up).
 IN RE B.S.

 2021-NCSC-71

 Opinion of the Court

¶ 10 Respondent’s argument in his brief to this Court is as follows:

 Although the trial court ordered him to “establish
 legal paternity” in three separate orders dating back to 16
 October 2018, no action was ever undertaken by
 [respondent] to do so. Nothing contained in the record on
 appeal or within the transcript of the termination hearing
 indicate appointed counsel ever advised or informed
 [respondent] of how or why he needed to “establish legal
 paternity” as [the] court ordered. Nothing in the record
 indicates that appointed counsel sent or provided an
 affidavit of paternity to [respondent] prior to the motion to
 terminate parental rights being filed. Instead, appointed
 counsel argued during its closing on grounds that WCHS
 failed to make reasonable efforts to achieve reunification
 by assisting [respondent] in executing an affidavit of
 paternity.
 Appointed counsel’s failure to advise, inform or
 assist [respondent] with filing an affidavit of paternity, or
 otherwise legally establish paternity as [the] court ordered
 in the underlying juvenile case fell below an objective
 standard [of] reasonableness. Specifically, the trial court
 formally ordered [respondent] to establish legal paternity
 over nine months before the motion to terminate parental
 rights was filed on 2 August 2019. Moreover [respondent]
 was transported to Wake [C]ounty on both 7 May 2019 and
 24 June 2019 for scheduled hearings affording appointed
 counsel face to face access to [respondent] despite his
 incarceration. Had appointed counsel properly informed,
 advised, or assisted [respondent] in establishing legal
 paternity, a single filing would have precluded the trial
 court from terminating his parental rights pursuant to
 N.C.[G.S.] § 7B-1111(a)(5) (2019).

¶ 11 WCHS and the guardian ad litem contend that respondent has failed to show

 he received ineffective assistance of counsel and that respondent has not shown that
 IN RE B.S.

 2021-NCSC-71

 Opinion of the Court

 had counsel assisted with establishing paternity that there is a reasonable

 probability there would have been a different outcome in the proceeding.

¶ 12 We agree that respondent has not met his burden to establish ineffective

 assistance of counsel. This State’s jurisprudence has “recognized that there could be

 no law if knowledge of it was the test of its application” and has not permitted a

 respondent’s purported absence of knowledge of his or her parental duties to protect

 the respondent from the termination of his or her parental rights. In re Wright, 64

 N.C. App. 135, 139 (1983); see also In re S.E., 373 N.C. 360, 366 (2020) (quoting In re

 Wright in a parenthetical); In re T.D.P., 164 N.C. App. 287, 289 (2004) (quoting In re

 Wright in a parenthetical), aff’d per curiam, 359 N.C. 405 (2005). Thus, when

 addressing a claim of ineffective assistance of counsel for failing to advise the

 respondent of what he needed to do to regain custody of a juvenile child, this Court

 has recognized that ignorance of an inherent duty of a parent to their child does not

 excuse a parent’s failure to fulfill this duty, and as a result, any alleged failure by

 counsel to advise concerning these inherent duties cannot be prejudicial. In re J.M.,

 2021-NCSC-48, ¶¶ 35–36.

¶ 13 Based on the foregoing, our examination of the record, and the undisputed

 factual findings, we conclude that there is no reasonable probability that any of the

 alleged omissions by respondent’s counsel affected the outcome of the termination-of-

 parental-rights hearing. See State v. Braswell, 312 N.C. 553, 563 (1985) (“[I]f a
 IN RE B.S.

 2021-NCSC-71

 Opinion of the Court

 reviewing court can determine at the outset that there is no reasonable probability

 that in the absence of counsel’s alleged errors the result of the proceeding would have

 been different, then the court need not determine whether counsel’s performance was

 actually deficient.”). Respondent’s argument of ineffective assistance of counsel is

 without merit.

 III. Conclusion

¶ 14 Because respondent has not challenged on appeal the trial court’s conclusion

 that the ground for termination pursuant to N.C.G.S. § 7B-1111(a)(5) existed or that

 termination was in Bailey’s best interests and because we conclude that respondent’s

 claim of ineffective assistance of counsel is without merit, we affirm the trial court’s

 order terminating respondent’s parental rights.

 AFFIRMED.